UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HYUNWOO HWANGBO, JAE YOUNG CHEON,
and JAEHOON CHO, *on behalf of themselves and
others similarly situated*,

                              Plaintiffs,

                          -against-

KIMGANAE, INC., d/b/a KIMGANAE, JOON HO
KIM, HYANG KYUM KIM, and KI DONG KIM,

                              Defendants.
-------------------------------------------------------------x

**SUMMARY ORDER**
**19-cv-6356 (DLI) (CLP)**

**DORA L. IRIZARRY, United States District Judge:**

In this this putative collective action, Hyunwoo Hwangbo, Jae Young Cheon, and Jaehoon Cho (collectively, "Named Plaintiffs") assert claims against Kimganae, Inc., d/b/a Kimganae, Joon Ho Kim, Hyang Kyum Kim, and Ki Dong Kim (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act and the New York Labor Law. *See*, Am. Compl., Dkt. Entry No. 16.[1] Jong Min Kim, Manwoo Lee, Jaemin Kim, and Joon Sung Na consented to join this action (together with Named Plaintiffs, "Plaintiffs"). *See*, Consents to Join, Dkt. Entry Nos. 30-33.

Subject to the Court's approval of a joint pretrial order ("JPTO"), the matter is ready for trial. *See*, Apr. 9, 2024 Minute Entry (memorializing order setting deadline for a proposed JPTO). The parties filed their first proposed JPTO on May 24, 2024. *See*, Dkt. Entry No. 67. At a pretrial conference ("PTC") held on October 15, 2024, the Court noted, on the record, several deficiencies with that proposed JPTO and directed the parties to file a revised version. *See*, Oct. 15, 2024 Minute Entry. On December 20, 2024, the parties filed a second proposed JPTO, which also

---

[1] The parties' familiarity with this case is presumed. For a detailed factual summary, the parties are referred to the Court's decision on Plaintiffs' partial summary judgment motion. *See*, Summ. J. Op. & Order, Dkt. Entry No. 52.

contained deficiencies, some of which had been ordered corrected at the first PTC. *See*, Dkt. Entry No. 82. The Court identified those outstanding issues at a PTC held on March 4, 2025, and directed the parties to file another revised JPTO. *See*, Mar. 4, 2025 Minute Entry. On April 24, 2025, the parties filed a second revised proposed JPTO ("Third Proposed JPTO"). *See*, Dkt. Entry No. 95.

Despite the Court's detailed guidance offered at the October 15, 2024 and March 4, 2025 conferences, the parties again have failed to submit a satisfactory JPTO for approval. This Order identifies and addresses only those portions of the Third Proposed JPTO that fail to comply with this Court's Orders and Rules.[2] The parties shall correct these deficiencies consistent with this Order and in advance of a pretrial conference to be scheduled thereafter.

## CLAIMS AND DEFENSES

Section III of a JPTO must include a summary of the claims and defenses and a detailed statement on damages and relief sought. Rule V(A)(3)(III). In their second proposed JPTO, the parties incorrectly added to Section II the statement, "All four (4) named defendants are to be tried." *See*, Dkt. Entry No. 82 at 2. Section II of a JPTO shall be limited to a brief statement as to the presence or absence of subject matter jurisdiction. Rule V(A)(3)(II). At the March 4, 2025 PTC, the Court directed the parties to move that statement to the appropriate section, Section III of the JPTO. The parties failed to do so. *See*, Third Proposed JPTO at 2. Accordingly, in drafting their fourth proposed JPTO, the parties shall comply with this clear directive.

## WITNESSES

Section VII of a JPTO must list the names and addresses of all witnesses, including any impeachment or rebuttal witnesses, with a narrative statement of each witness' expected testimony and the basis for any objections. Rule V(A)(3)(VII). During both the October 15, 2024 PTC and

---

[2] Unless otherwise noted, all citations to the "Rules" shall refer to the Court's Individual Motion Practices and Rules.

2

the March 4, 2025 PTC, the Court noted, *inter alia*, Plaintiffs' failure to comply with this Rule by including boilerplate witness descriptions, which raised questions concerning duplicity and relevance. Indeed, at the March 4, 2025 PTC, defense counsel explained that Defendants interposed an objection, which the Court also deemed boilerplate and generalized, due to Plaintiffs' noncompliant descriptions. Accordingly, in line with the Court's prior directives, Plaintiffs shall correct their witness descriptions by setting forth nonduplicative and specific areas of intended testimony for each of their witnesses. Moreover, the parties are reminded that they each shall be responsible to retain a certified interpreter for each of their respective witnesses and clients.

## **EXHIBITS**

Section VIII of a JPTO must: (1) list any exhibits to be offered into evidence, including possible impeachment or rebuttal exhibits; (2) note whether those exhibits are admitted by stipulation; and (3) describe the basis for any admissibility objection. Rule V(A)(3)(VIII). Under the Rules, "only listed exhibits will be received in evidence" "[e]xcept for good cause shown." *Id.* A host of issues in this section remain unresolved despite the Court's clear and repeated directives.

*First*, at the October 15, 2024 PTC, the Court noted that the parties failed to explain the relevance and admissibility of the discovery requests and responses being proposed as trial exhibits and to identify specifically "which requests and responses they plan to use [at trial]." Oct. 15, 2024 Conf. Tr. at 19:3 – 19:10, Dkt. Entry No. 73. In the second proposed JPTO, only Plaintiffs corrected this deficiency. *See*, Dkt. Entry No. 82 at 23-27. Thus, at the March 4, 2025 PTC, the Court directed Defendants to explain the relevance of these exhibits in a revised JPTO. However, Defendants again failed to do so. *See*, Third Proposed JPTO at 26-27. As was previously ordered, Defendants shall comply with this directive.

*Second*, at the March 4, 2025 PTC, the Court took issue with the relevance of Plaintiffs'

3

proposed exhibit entitled, "Correspondence between the parties in which plaintiffs ask for documents concerning the opt-in plaintiffs and their damages." *See*, Dkt. Entry No. 82 at 26. Specifically, the Court stated that, generally, such a proposed trial exhibit is not relevant to the remaining claims and defenses in this action and that, to the extent Plaintiffs sought some form of discovery sanction, it was untimely as they should have filed a discovery motion before the assigned magistrate judge during the discovery phase. Without explanation, Plaintiffs continue to list that proposed trial exhibit. *See*, Third Proposed JPTO at 26. The Court further notes that Defendants have not objected to this proposed exhibit. Accordingly, in the interest of justice, the parties shall file a joint letter, subject to the limitations set forth below, addressing the parties' respective positions concerning the admissibility of the subject correspondence.

*Third*, in the Third Proposed JPTO, Defendants made two problematic additions. As their ninth proposed exhibit, Defendants stated as follows: "Defendants reserve the right to [sic]." Third Proposed JPTO at 27. This appears to have been added in error and should be removed. Additionally, Defendants added the following objection to Plaintiffs' prior identification of text messages exchanged in discovery in another action, *i.e., Baek v. Kimganae, Inc.*, E.D.N.Y. No. 21-cv-4933 (LDH)(RML), involving two of the same Defendants and same defense counsel: "These documents were not turned over in discovery. It is unclear to Defendants what these documents are." Third Proposed JPTO at 27. This objection is being raised for the first time in the Third Proposed JPTO despite: (1) Plaintiffs having identified these text messages as proposed trial exhibits in the second proposed JPTO filed on December 20, 2024; and (2) the Court having previously warned, including at the March 4, 2025 PTC, and consistent with Rule V(A)(3)(VIII), that a party's failure to object to an exhibit in the JPTO waives all objections at trial. Generally, a party that fails to disclose information pursuant to applicable discovery rules may not use that

4

information "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Given that these proposed trial exhibits appear to be in defense counsel's possession and that Plaintiffs' position is not set forth in the Third Proposed JPTO, the Court finds it appropriate to request additional information before determining whether a motion *in limine* will be required pursuant to Rule V(A). Accordingly, in the joint letter to be filed, the parties shall address their respective positions on this issue subject to the limitations set forth below.

*Finally*, the Court notes that all exhibits must be premarked for trial in accordance with Rule V(B). *See*, Rule V(B) (providing, among other things, that "[p]laintiff's exhibits must be premarked with numbers, *e.g.*, 'Pl. 1,' and [d]efendant's exhibits must be premarked with letters, *e.g.*, 'Def. A'"). Here, whereas Plaintiffs mostly listed their proposed exhibits with numbers, Defendants did not use letters to premark their proposed exhibits. *See*, Third Proposed JPTO at 22-27. Both parties shall conform their exhibit schedules to comply with this Rule.

## **CONCLUSION**

Consistent with the foregoing, the parties are **ORDERED** to file: (1) a three-page, double-spaced joint letter addressing the matters discussed above **NO LATER THAN DECEMBER 8, 2025**; and (2) clean and redline versions of a fourth proposed JPTO **NO LATER THAN JANUARY 8, 2026,** consistent with the Court's Individual Rules, this Order, and any subsequent order that the Court may issue after receiving the required joint letter. The parties shall confer with each other in good faith.

SO ORDERED.

Dated:   Brooklyn, New York  
        November 18, 2025

_____/s/_____  
DORA L. IRIZARRY  
United States District Judge